GLICKSTEIN, Judge,
concurring specially.
The driver in this case was very much involved in the accident although the Cadillac he was operating did not come into contact with the Jeep being operated by the appellant. The issue was whether the Cadillac swerved into the right lane as the Jeep was attempting to pass it on the right, or whether the Jeep was speeding in the center lane behind the Cadillac and they both simultaneously moved into the right-hand lane as the Jeep overtook the Cadillac. The Jeep swerved into a driveway on the right side of the road to avoid colliding with the Cadillac, then came back on the road, skidded and overturned. Appellant and his passenger were injured.
The driver of the Cadillac, whose statement to the officer the trial court allowed the officer to repeat, was not a party to the action. We learned at oral argument that he lived in Europe. No process was apparently even sought, or if sought, ever perfected. Accordingly, I agree with the majority that the statement was hearsay.
Appellant’s trial counsel objected immediately before the proposed testimony on the basis that the answer would be privileged. The trial court overruled the objection. Immediately after the answer was given, trial counsel complained to the trial court that the answer was “clearly” hearsay. The trial court thus had the opportunity to consider and rule upon the issue.
In his brief here, appellee’s only arguments to refute the claim of hearsay are that the driver’s statements were either spontaneous statements or excited utterances. Neither contention has merit.
Having authored Dinowitz, I do not wish to nibble at the privilege which section 316.066(4), Florida Statutes, created, because we should be able to learn — given everyone’s subjective perception — as much about an accident as we can in order to determine in some realistic fashion how it occurred.
If the Cadillac driver were a party to this action and if there were no hearsay problem, it would be necessary to consider whether the officer’s testimony regarding the Cadillac driver’s statement was cumulative and therefore harmless. I say this because a disinterested eye witness’ testimony was consistent with the statement, reported by the officer, which we are holding to have been erroneously admitted. Another question that might have to be faced is whether violation of section 316.-066(4), Florida Statutes, makes for per se reversal.